UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALLEN BUCKLEY and <br> ALLEN BUCKLEY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    Case No. 1:13-CV-17 <br> ) <br> )    Judge Curtis L. Collier <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM

Before the Court is a motion to dismiss for improper venue filed by Defendant The United States of America ("Defendant" or "United States") (Court File No. 8). Plaintiffs Allen Buckley and Allen Buckley LLC (collectively, "Plaintiffs") filed a response (Court File No. 11) and Defendant submitted a reply (Court File No. 15). Plaintiffs also filed a surreply with leave of the court (Court File No. 19). After considering the relevant law and the parties' arguments, the Court will **GRANT IN PART and DENY IN PART** Defendant's motion to dismiss (Court File No. 8). The Court grants Defendant's motion in part because the Court agrees venue is improper. However, the Court will **TRANSFER** rather than dismiss Plaintiffs' claims **to the Northern District of Georgia** for further consideration.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2013, Plaintiffs filed a complaint against Defendant seeking judicial review under the Administrative Procedure Act ("APA"). *See* 5 U.S.C. §§ 101 *et seq.* (Court File No. 1 ("Compl.")). Plaintiff Allen Buckley is "a resident of Smyrna, Cobb County, Georgia" and a licensed attorney and accountant in Georgia (*id.* at 13). Plaintiff Allen Buckley LLC is a limited

liability company in Georgia (*id.*). Allen Buckley "has prepared tax returns for compensation, including compensation received by Allen Buckley LLC" (*id.* at 14). Although the suit is brought against the United States, Plaintiffs also indicate that the Secretary of the Treasury would be responsible for compliance in this case in his official capacity (*id.*).

Plaintiffs allege, pursuant to regulations enacted in 2010 and 2011, the United States Department of the Treasury "requires tax return preparers to file, pay, receive, and (thereafter) annually renew and pay annual renewal fees, for a PTIN [preparer tax identification number] in order to prepare tax returns for compensation" (Compl. at 2). They also allege Plaintiff Allen Buckley had to pay the Department of the Treasury $64.25 as a PTIN issuance fee in 2010 and a renewal fee of $63 in 2011 (*id.* at 3). Plaintiffs aver the issuance fee and annual renewal fees imposed by the Department of the Treasury are "unlawful" and, alternatively, even if not unlawful, "excessive" (*id.* at 10-13). Plaintiffs seek injunctive relief and "restitution" either in the form of a refund of the total fees paid plus interest or the excessive amount paid plus interest (*id.* at 16-17).

## II. STANDARD OF REVIEW

Defendant moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). "On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002) (citations omitted). "If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court [pursuant to 28 U.S.C. § 1406]." *Id.*

**III.   DISCUSSION**

The parties do not dispute the appropriate venue statutes under which the Court should analyze Plaintiffs' claims are 28 U.S.C. § 1391(e) and 28 U.S.C. § 1402. They do, however, dispute whether venue is proper under these statutes. According to Defendant, Plaintiffs fail to satisfy any of the venue requirements of § 1391(e) for their claims for injunctive relief because the United States does not reside in this district for venue purposes, Plaintiffs are not residents of this district, and none of Plaintiffs' causes of action occurred in this district. Moreover, with respect to Plaintiffs' claims for a refund of $127.25 (or in the amount of excessive fees paid), Defendant contends venue is improper because the requirements of 28 U.S.C. § 1402 have not been met. Finally, Defendant argues the Court should dismiss Plaintiffs' claims for improper venue rather than transfer them to an appropriate district because Defendant believes Plaintiffs were forum shopping when they brought suit here. Defendant notes Plaintiffs brought a nearly identical case in the Northern District of Georgia that was dismissed, and the Eleventh Circuit affirmed the dismissal. Defendant believes Plaintiffs only brought their case here to avoid unfavorable precedent now established in the Eleventh Circuit.

Plaintiffs, on the other hand, argue venue is proper in the Eastern District of Tennessee. According to Plaintiffs, venue can be established under § 1391(e) because the United States resides in this district as well as all other districts in the United States. Moreover, with respect to 28 U.S.C. § 1402, Plaintiffs aver the Court should exercise pendant venue over their claims for monetary relief even if venue is improper. Finally, in the event the Court determines venue is improper, Plaintiffs ask the Court to transfer the case to the proper jurisdiction in the interest of justice.

The Court will address each issue in turn.

### A. Venue under 28 U.S.C. § 1391(e)

Title 28, United States Code, Section 1391(e) is the appropriate venue statute for most of Plaintiffs' claims. Section 1391(e)(1), which is applicable when the defendant is an officer or employee of the United States, an agency of the United States, or the United States provides as follows:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which
>
> (A) a defendant in the action resides,
>
> (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. § 1391(e)(1). Here, neither § 1391(e)(1)(B) or § 1391(e)(1)(C) are applicable. Plaintiffs do not contend the events giving rise to their cause of action occurred in the Eastern District of Tennessee. Moreover, the Northern District of Georgia, not the Eastern District of Tennessee, is where Allen Buckley lives and where Allen Buckley LLC has its principal place of business. Thus, the only provision that could possibly be applicable in this case is § 1391(e)(1)(A)--that is, "any judicial district in which . . . a defendant in the action resides."

Defendant contends venue is not proper in this district because § 1391(e) was not designed for a plaintiff to sue the United States in every district around the country. Defendant relies primarily upon *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264 (7th Cir. 1978), for this proposition. In

4

*Donnelley*, a publishing company sued the Federal Trade Commission ("FTC") and various individual commissioners to prevent the FTC from proceeding with an administrative action against it. *Id.* at 265-66. The plaintiff could claim residence in Delaware or New York, yet it brought suit in the Northern District of Illinois. Although the FTC had a regional office in Chicago, the United States Court of Appeals for the Seventh Circuit concluded venue was improper in the Northern District of Illinois. *Id.* at 266. Among other reasons, the Seventh Circuit observed allowing a federal agency to be sued "*Eo nomine* wherever it maintains an office would, as a practical matter, render subsections (2), (3), and (4) [of § 1691(e)] superfluous." *Id.* at 267. Moreover, the court noted "such an interpretation would mean that a plaintiff could file a suit in any district regardless of how remote that district's contact may be with the litigation. 'The venue statute was not intended to permit forum-shopping, by suing a federal official wherever he could be found, or permitting test cases far from the site of the actual controversy.'" *Id.* (quoting *Hartke v. Federal Aviation Administration*, 369 F. Supp. 741, 746 (E.D.N.Y. 1973)).[1]

---

[1] In *Misko v. U.S.*, 77 F.R.D. 425 (D.D.C. 1978), the court similarly opined § 1391(e) was not intended to be viewed as broadly as Plaintiffs here contend.

> Although not discussed in the legislative history, the amendment to 28 U.S.C. § 1391(e) which added "or the United States" to the first sentence of the section was apparently designed to bring the applicable venue provision into conformity with the other review of administrative action amendments. One of those amendments gave plaintiffs the option of naming the United States as a party-defendant in an action seeking review of administrative action. *See* Act of Oct. 21, 1976, Pub. L. No. 94-574, § 1, 90 Stat. 2721 (amending 5 U.S.C. § 703 (1970)). *This certainly does not mean that any action in which venue is grounded on section 1391(e) can automatically be brought in the District of Columbia by naming the United States as a defendant, or that such an action may be brought anywhere in the United States because the United States is a resident of every judicial district. As a general matter, the "residence" of the United States is simply not relevant for venue purposes.*

*Id.* at 428 n.7 (emphasis added).

5

Plaintiffs, however, dispute Defendant's interpretation of § 1391(e). In what Plaintiffs consider an analogous case to the instant matter, Plaintiffs cite *Milliken & Co. v. F.T.C.*, 565 F. Supp. 511 (D.S.C. 1983), in furtherance of their argument that venue is proper against the United States in any district in the country under § 1391(e). In *Milliken*, a district court concluded venue was proper in South Carolina in a suit against the Federal Trade Commission where the plaintiff's company had its principal place of business in South Carolina and the cause of action occurred in South Carolina. In reaching this decision, the district court relied in part on United States Supreme Court case *Stafford v. Briggs*, 444 U.S. 527 (1980). While *Stafford* addressed a totally different matter--that is, whether the venue provisions in 28 U.S.C. § 1391(e) applied to claims seeking monetary damages against federal officers in their individual capacities--the Supreme Court did note § 1391(e) expanded choices for venue and, citing a Congressional report, observed the provision was "designated to permit an action which is essentially against the United States to be brought locally rather than requiring it to be brought in the District of Columbia simply because Washington is the official residence of the officer or agency sued." *Milliken*, 565 F. Supp. at 514 (quoting *Stafford*, 444 U.S. at 540).[2] Moreover, the district court observed another policy reason for a more expansive

---

[2] Plaintiffs also contend *Stafford* states venue can be brought against the United States in every district. Putting this statement in context, *Stafford* states the following:

> "[a]n officer of the Government while so employed may have numerous mandamus-type suits naming him or her as a party. Without doubt, under § 1391(e), venue lies in every one of the 95 federal districts, and suits may be pending in a dozen or several dozen at any one time. . . . No personal cost or inconvenience is incurred, either while in office or later. It was with this understanding that Congress sought to ameliorate the inconvenience and expense to private plaintiffs seeking relief from the action or inaction of their Government."

*Stafford*, 444 U.S. at 543-44 (citing H.R. Rep. No. 536, at 3; S. Rep. No. 1992, at 3).

interpretation of § 1391(e) was because

> Section 1391(e) was intended to relieve plaintiffs of the burden of litigating far from their residences, to relieve the courts in the District of Columbia of some of their case load, and to take advantage of the expertise district judges acquire in problems peculiar to their areas.

*Id.* (citing *Pruess v. Udall*, 359 F.2d 615, 618 (D.C. Cir.1965)). While the district court stated that it "finds some restraint" in *Donnelley*, it concluded that to "hold that such governs *in this case* would defeat the language of § 1391(e) and thwart the intent of Congress so ably spelled out in *Stafford*." *Id.* at 514-15 (emphasis added).

The issue before this Court, however, is distinguishable from the issue brought before the Court in *Milliken*. Unlike in *Milliken*, the issue here is not that Defendant is insisting the case must be litigated in Washington, D.C. or that Defendant is refusing to litigate the case "locally." On the contrary, to the extent Defendant believed another district would have been more appropriate to establish venue, it essentially concedes that location would be the Northern District of Georgia, which is where Plaintiffs reside and presumably the events giving rise to the cause of action occurred. Plaintiffs are not being burdened to litigate their case "far from their residences" and Defendant is not insisting that the case be brought in Washington, D.C. Accordingly, the policy reasons cited above in *Milliken*, *Stafford*, and *Pruess*, are not implicated in this case.

Here, the Court is faced with a different scenario. Plaintiffs do not want to pursue their suit "locally." Although they reside in the Northern District of Georgia and the events giving rise to Plaintiffs' cause of action at least with respect to Plaintiffs occurred in the same district, Plaintiffs seek to bring their suit in Tennessee. Moreover, as Plaintiffs admit in their brief, Allen Buckley proceeding as counsel brought a similar though not identical suit against the United States in the Northern District of Georgia. That suit was dismissed by the district court and the Eleventh Circuit

7

affirmed the district court's decision. Defendant alleges Plaintiffs have chosen to pursue their suit here in an attempt to "forum shop" and avoid being bound by the adverse rulings in the Eleventh Circuit. While the Court will not speculate upon Plaintiffs' motives, the Court does believe Plaintiffs' reasons for seeking venue in the Eastern District of Tennessee are not supported by the policy reasons articulated in the cases they cite. Instead, as noted in *Donnelley*, what Plaintiffs seek to do here would make the entire venue provision under § 1391(e) "superfluous." *Donnelley*, 580 F.2d at 267.[3] Merely because a United States Attorney's office is located in this district--as is the case throughout the country--does not mean it is proper for Plaintiffs to file their suit here under the circumstances.

This Court is not alone in its concerns about allowing such an expansive reading of § 1391(e) when it pertains to a suit against the United States or its agencies. For example, in *Davies Precision Machining, Inc. v. Def. Logistics Agency*, 825 F. Supp. 105, 107 (E.D. Pa. 1993), the plaintiff sought to bring suit against a government agency in the Eastern District of Pennsylvania because, according to the plaintiff, the agency maintained its offices in the district and therefore "resided" there. The district court, however, disagreed, and after considering both *Donnelley* and *Stafford* concluded: "I find no reason to contort the statutory language of 28 U.S.C. § 1391(e) to require that a federal agency be deemed to reside in a judicial district with which it has no other contact other than the fact that a regional office operates there." *Id.* at 107. The court ultimately determined venue was improper. *Id. See Schwarz v. I.R.S.*, 998 F. Supp. 201, 202-03 (N.D. N.Y. 1998) (concluding venue was improper in the district because--although the IRS had offices in the district--those offices were

---

[3] Presumably, under Plaintiffs' logic there would be no limit to where they could bring their claims against the United States in this particular matter--the Eastern District of Tennessee, the Northern District of California, perhaps even the District Court of the Virgin Islands.

8

"not alleged to have engaged in any substantial part of the activity complained of in plaintiff's complaint"); *see also High Sierra Hikers Ass'n v. U.S. Forest Serv.*, C 04-03478 SI, 2005 WL 886851, at *2 (N.D. Cal. Apr. 8, 2005) (rejecting the plaintiffs' argument that the U.S. Forest Service "resides" in the Northern District of California simply because it maintains an office in the district).[4]

Accordingly, for all of the reasons explained above, the Court concludes venue is not proper in this district for Plaintiffs' claims for injunctive relief.

### B. Claims for Monetary Damages

Plaintiffs also seek relief in the form of either a refund of the total PTIN fees paid plus interest or the excessive amount paid plus interest. The venue provision governing the monetary damages sought in this case is 28 U.S.C. § 1402. Under § 1402, a civil action against the United States may only be brought in the district where the plaintiff resides. 28 U.S.C. § 1402. Because Plaintiff Allen Buckley resides in the Northern District of Georgia and Plaintiff Allen Buckley LLC has its principal place of business in the Northern District of Georgia, the venue requirement has not been satisfied. Thus, venue for these claims is also improper in this district.[5]

### C. Dismissal or Transfer

Defendant has requested that the Court dismiss Plaintiffs' action rather than transfer it to an

---

[4] Plaintiffs attempt to argue cases involving suits against agencies are irrelevant. However, Plaintiffs' arguments are somewhat disingenuous. As Plaintiffs acknowledge even in their complaint, while their suit was filed against the United States, the agency at issue is the U.S. Department of the Treasury and the Secretary of the Treasury is responsible for compliance in his official capacity.

[5] Because the Court concluded venue was also improper on the claims for injunctive relief, Plaintiffs' arguments regarding "pendant venue" are inapplicable.

appropriate venue under 28 U.S.C. § 1406. Defendant contends the case should be dismissed because Plaintiffs only filed this suit in an attempt to forum shop and get a "second bite at the apple." Plaintiffs, however, request that the Court transfer the action to an appropriate district in the interests of justice.

Title 28, United States Code, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). While the Court is certainly concerned about Plaintiffs' underlying reasons for filing suit in this district, the Court also takes at face value Plaintiffs' argument that they believed § 1391(e) permitted them to sue in this district. *See Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962). The Court expresses no opinion on the merits of Plaintiffs' claims nor can it promise Plaintiffs that their claims will not be barred on other procedural or legal grounds. The Court will, however, grant Plaintiffs' request to transfer this action to a district where venue is proper. One such district is the Northern District of Georgia.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART and DENY IN PART** Defendant's motion to dismiss for improper venue (Court File No. 8). Venue is improper in this case. However, the Court will **TRANSFER** rather than dismiss Plaintiffs' claims **to the Northern District of Georgia** for further consideration.[6]

---

[6] The parties had previously agreed that the Court should decide Defendant's motion to dismiss for improper venue first. In the event the motion was denied, the Court would then consider Plaintiffs' motion for summary judgment, which is seeking an adjudication on the merits. Because

10

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

the Court has determined venue is improper, the Court will leave to the discretion of the transferee court the handling of Plaintiffs' motion for summary judgment.